**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**RENEE LEICHT,**

    **Plaintiff,**

v.                                                    Case No. 8:05-cv-2089-T-TBM

**JO ANNE B. BARNHART,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
    _____/

**O R D E R**

The Plaintiff seeks judicial review of the denial of her claim for Social Security disability benefits. For the reasons set out herein, the decision is affirmed.

I.

Plaintiff was fifty-three years of age at the time of her administrative hearing. Plaintiff has twelve years of schooling. Her past relevant work was an interviewer, market researcher, secretary, and legal secretary. Plaintiff applied for disability benefits in March 2003, alleging disability as of January 1, 2001, by reason of irritable bowel syndrome, bladder incontinence, Baker's cysts, and torn meniscus in her left knee. The Plaintiff's application was denied originally and on reconsideration.

The Plaintiff, at her request, then received a *de novo* hearing before an Administrative Law Judge (hereinafter "ALJ"). The Plaintiff was represented at the hearing by counsel and testified in her own behalf. Additionally, a vocational expert was called by the ALJ. In essence, Plaintiff testified that she is no longer able to work at any job by reason of her irritable bowel syndrome (hereinafter "IBS") and bladder incontinence. Additionally, she suffers pain and numbness in her left knee which she attributes to a Baker's cyst, which she claims developed as a result of a torn meniscus. She also claims sciatic nerve problems and possible sleep apnea. According to Plaintiff, her IBS is a daily occurrence causing her to suffer extended periods of diarrhea. By her testimony, the condition is wholly unpredictable and may cause her to have to spend an hour or more in the bathroom up to eight times a day. Plaintiff also complains she has difficulty with holding urine and must be near a bathroom at all times. She wears incontinence padding for this condition. According to Plaintiff, she has problems with her sciatic nerve, which causes pain in the lower right hip and when the situation is aggravated, pain down into her legs. The condition can last for several weeks. She further testified that she does not sleep well at night, which causes her to be drowsy during the day. The Baker's cyst results in pain and numbing in the lower part of her left leg. She elevates her leg up to two hours a day to help with this condition.

According to Plaintiff, she can walk for fifteen to twenty minutes, sit for thirty to forty minutes, and stand for twenty to thirty minutes before pain and discomfort sets in. On a daily basis, Plaintiff starts out her morning in the bathroom and may stay there for an hour or more. As for treatment, she had been advised by doctors to watch her diet for the IBS. In the

past, she has taken Neurotin for her sciatic pain, otherwise she takes Ibuprofen daily.  Plaintiff testified that it is necessary for her to alternate her positions throughout the day and to occasionally elevate her leg for her various conditions.  Plaintiff is able to drive short distances and she does some housework but gets help from her daughter.  Although Plaintiff suffered from hepatitis in the past, she indicated that the condition had cleared up.  Plaintiff testified that she is unable to receive regular medical treatment because of her lack of income and insurance.  See (R. 253-64).

Teresa Manning, a vocation expert (hereinafter "VE) testified on the assumption of an individual of Plaintiff's age, education, and work experience with the capacity to perform light to medium exertional work with frequent limitations for prolonged standing and climbing and occasional limitations for bending and stooping, but capable of performing routine tasks that allow for normal daily work breaks.  On this hypothetical, the VE opined that such individual could perform all of Plaintiff's past jobs.  On a hypothetical proposed by Plaintiff's counsel assuming the ability to sit for only thirty to forty minutes, stand for only twenty to thirty minutes, and walk for only fifteen to twenty minutes with the need to shift positions at will, elevate legs at will, and use the restroom at will for a minimum of eight times a day for varied lengths of time, the VE opined that such individual could not perform any of Plaintiff's past work or any other jobs in the national economy.  See (R. 264-69).

Also before the ALJ were medical records outlining the Plaintiff's medical history.  These matters are addressed herein as necessary.

By his decision of February 23, 2005, the ALJ determined that while Plaintiff had severe impairments related to hepatitis B, obesity, degenerative changes in the right knee, and questionable IBS, she nonetheless had the residual functional capacity to perform light to medium exertional work with limitations for frequent climbing and prolonged standing and occasional limitations for bending and stooping, but capable of performing routine, repetitive tasks that allow for normal daily work breaks. Upon this finding, the ALJ concluded that Plaintiff could perform her past work. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 13-22). The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. See id. at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Miles v. Chater, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that she has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. Keeton v. Dep't of Health & Human Servs., 21 F.3d 1064, 1066 (11th Cir. 1994) (citing Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. Miles, 84 F.3d at 1400; Bloodsworth v. Heckler, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Boyd v. Heckler, 704 F.2d 1207, 1209 (11th Cir. 1983).

III.

The Plaintiff raises two claims on this appeal.  As stated by the Plaintiff, they are as follows:

(1) The Commissioner erred by finding that the Plaintiff's condition of "questionable irritable bowel syndrome" was a severe impairment, but not setting forth to what degree the Plaintiff's irritable bowel syndrome affected the Plaintiff; and

(2) The Commissioner erred by failing to incorporate all of the Plaintiff's limitations in his hypothetical question to the vocational expert.

By her first claim, Plaintiff urges that implicit in the ALJ's finding that Plaintiff's IBS was severe is the determination that the symptoms affected her ability to perform work-related activities.  Yet, despite this finding and Plaintiff's testimony of significant daily interruptions for bathroom breaks caused by the condition, the ALJ failed to specify the degree of functional limitation the condition caused.  According to Plaintiff, her medical records indicated an assessment and/or history of IBS and the ALJ's finding of severity without any findings of functional limitations is inconsistent, and thus, the decision must be reversed and remanded for further evaluation of the significance of this impairment.  By her second claim, Plaintiff urges that the ALJ failed to enumerate any limitations as a result of her IBS in his hypothetical questions of the VE.  Urging that the ALJ is required to incorporate all a Plaintiff's limitations in his hypothetical, the Plaintiff argues that the case should be reversed and remanded for further development of the VE testimony.  After careful review of the

decision in light of the medical record, I conclude that Plaintiff is not entitled to relief on either of her claims.

A fair reading of the decision reveals that the ALJ thoroughly evaluated both the subjective testimony and the objective and clinical record related to Plaintiff's IBS. Thus, the ALJ accurately recounted the Plaintiff's subjective complaints (R. 18) and fairly reviewed the rather minimal notes related to IBS in the medical records. (R. 15-20). By his review, although there were a few references to a history of IBS and some complaints of chronic diarrhea, the records revealed little by way of treatment and nothing by way of doctor-prescribed limitations. After my own consideration of this record, I conclude such findings are consistent with and supported by the medical record.

I also read the decision to fairly discount Plaintiff's subjective testimony under the applicable standard and fairly assess the functional limitations reasonably likely from her conditions. While the Plaintiff claimed truly disabling restrictions by reason of her IBS and incontinence, these restrictions are not revealed by the medical reports and opinions. Indeed, as the ALJ stated, apart from the use of Metamucil, no other treatment was suggested and no doctor imposed any limitations by reason of the conditions. I agree with the ALJ's conclusion that the records surely would have been more revealing and treatment more significant had the condition been as bad as alleged by Plaintiff. Stated otherwise, there is substantial basis in the record to discount Plaintiff's symptoms to the extent she claimed, and the ALJ properly did so. Further, while the Plaintiff claims the ALJ rendered no opinion as to the degree of limitations caused by her IBS, implicit in the decision (and the VE's testimony) is the

conclusion that the condition would have little or no impact on her ability to work at jobs allowing "normal daily work breaks." (R. 20). Thus, while the ALJ credited Plaintiff with possible IBS, he granted her far less restrictions than she claimed. By my review, the conclusions are supported by substantial evidence and a remand on this basis is unwarranted.

As for the second claim, Plaintiff is correct that case law in this circuit requires that the ALJ employ hypothetical questions that are accurate and supportable on the record and which include all limitations or restrictions of the particular claimant. Pendley v. Heckler, 767 F.2d 1561 (11th Cir. 1985). Where the hypothetical employed with the vocational expert does not fully assume all of a claimant's limitations, the decision of the ALJ, based significantly on the expert testimony, is unsupported by substantial evidence. Id. at 1562 (quoting Brenem v. Harris, 621 F.2d 688, 690 (5th Cir. 1980)). However, the ALJ need not employ limitations for which there is no basis in the record.[1]

As set forth above, I have concluded that the ALJ properly discounted Plaintiff's subjective testimony to the extent that it was not disabling from all work. In the circumstances of this case, the ALJ was not required to include all the disabling limitations Plaintiff claimed by reason of her IBS. By my consideration, the ALJ fairly assessed the resulting limitations from this condition and included the appropriate limitation for work permitting "normal daily work breaks." In any event, even if the ALJ erred in not including more limitations in his hypothetical to the VE, the error is harmless, as counsel for the

---

[1] It is worth noting that at Step 4 of the evaluation process, the step at which this case was decided, the ALJ need not even employ a VE. See Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

Plaintiff was present and given a full and fair opportunity to question the VE. As the hearing transcript reveals, counsel specifically included the limitations Plaintiff claimed by reason of her IBS, and the VE answered the hypothetical question by stating that Plaintiff would be unable to perform any job with these limitations. In light of this record, even if there was error on the part of the ALJ, a remand for further questioning of the VE would serve no useful purpose, and as suggested above, the record does not support a remand for an award of benefits.

IV.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 18th day of December 2006.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record